UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 06-96-KSF

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.                            **OPINION and ORDER**

DION PAUL BARNES                                                     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's letter requesting that this court grant him relief from the restitution payment schedule set by his unit team at the Bureau of Prisons. [DE #33] The government has responded to the defendant's request, and this matter is ripe for review.

The defendant's "request" is more properly classified as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will be construed as such. The defendant, however, has not paid the requisite filing fee and has not evidenced that he has exhausted his administrative remedies, both of which actions are required for a petition for a writ of habeas corpus. This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(2), a court has the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. For efficiency purposes, even without payment of the requisite filing fee and failure to exhaust administrative remedies, the court will consider the defendant's *pro se* petition on the merits and will

dismiss same as it fails to state a claim upon which relief can be granted.

The defendant was convicted of bank fraud and was ordered, as part of his sentence, to pay restitution in the amount of $68,917.00. Payments were ordered in the minimum amount of $25.00 payable quarterly unless the defendant is employed by Federal Prison Industries in which case quarterly payments in the minimum amount of $60.00 are required. From his petition, it appears that the defendant is employed by Federal Prison Industries and that he entered the prison with a balance of $435.18 in his prison inmate account. Upon incarceration, the unit team at the Bureau of Prisons determined that his payments should be $30.00 per month and recently increased the payments to $338.00 per month.

Although the defendant does not state that he is participating in the Inmate Financial Responsibility Program (the "IFRP"), 28 C.F.R. § 545.10-545.11, that appears to be the case. It also appears that the defendant is challenging the application of the IFRP to him. The defendant seeks an order from this court relieving him of the Bureau of Prison's requirement that he pay more than the quarterly minimum amounts of restitution set by this court.

The IFRP is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). While participation in the IFRP is voluntary, an inmate's failure to satisfactorily meet his financial obligations could result in limitations of certain benefits and privileges unavailable to those outside the IFRP and could result in up to ten possible punishments. 28 C.F.R. § 11(d).

The IFRP has been upheld on multiple occasions as "it serves a valid penological objective


of rehabilitation by facilitating repayment of debts" and "is fully consistent with the Bureau of Prisons' authorization, under direction of the Attorney General, to provide for rehabilitation and reformation." *Richardson v. Hastings*, 2006 WL 149013 (E.D. Ky. Jan. 19, 2006) quoting *Johnpoll v. Thornburgh*, 898 F.2d 849, 850-51 (2d Cir. 1990). As the *Richardson* court noted, some courts, relying on 18 U.S.C. § 3572(d), have reversed the delegation of authority to the Bureau of Prisons to establish an amount and timing of fines and restitutions. The instant case, however, similar to *Richardson*, is distinguishable from those cases because this court did not delegate the responsibility of setting a collection schedule to anyone. Instead, this court clearly set the schedule in its judgment and retained the power to control the payment of defendant's restitution. As a result, there is nothing in the record to indicate an improper delegation to the Bureau of Prisons. The IFRP simply gives the defendant, who owes a legitimate financial obligation, the opportunity to fulfill all the terms of the judgment through the program  The defendant may choose whether to participate or whether not to participate in the IFRP. His restitution schedule as set by this court has not been modified by the IFRP and the IFRP does not conflict with this court's judgment. As a result, the defendant has failed to state a claim upon which relief may be granted and his petition shall be dismissed.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the defendant's request to modify restitution payment schedule, which has been construed as a petition for writ of habeas corpus, [DE #33] is DENIED as he has failed to state a claim upon which relief may be granted.

This 11th day of June, 2008.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**